UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA Z.P. DENNERLINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-02596-JMS-MJD |
| ) | |
| NANCY A. BERRYHILL, *Deputy Commissioner* ) | |
| *of Operations, Social Security Administration*,[1] ) | |
| ) | |
| Defendant. ) | |

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Cynthia Z.P. Dennerline applied for disability and disability insurance benefits ("DIB") from the Social Security Administration ("SSA") on October 30, 2013, alleging an onset date of October 1, 2012. [Filing No. 15-2 at 21.] Her application was initially denied on October 1, 2014, [Filing No. 15-2 at 21], and upon reconsideration on December 4, 2014, [Filing No. 15-2 at 21]. Administrative Law Judge Kimberly Sorg-Graves (the "ALJ") held a hearing on May 6, 2016. [Filing No. 15-2 at 40-69.] The ALJ issued a decision on July 27, 2016, concluding that Ms. Dennerline was not entitled to receive DIB. [Filing No. 15-2 at 21-33.] The Appeals Council denied Plaintiff's request for review on June 22, 2017. [Filing No. 17 at 4.] On August 2, 2017, Ms. Dennerline timely filed this civil action, asking the Court to review the denial of benefits. [Filing No. 1.]

---

[1] It has come to the Court's attention that on March 6, 2018, the General Counsel of the U.S. Government Accountability Office ("GAO") notified the President that effective November 17, 2017, Nancy A. Berryhill could no longer serve as the "Acting Commissioner" of the Social Security Administration pursuant to the Federal Vacancies Reform Act of 1998, Pub.L.No. 105-277, Div. C, Title I, 112 Stat. 2681-611 (Oct. 21, 1998), as amended, 5 U.S.C. §§ 3345-3349d. GAO, https://www.gao.gov/products/D18772#mt=e-report (last visited May 30, 2018). The caption has been updated to reflect Ms. Berryhill's current official title.

1

# I.
## STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability insurance benefits … to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last … not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists to support the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (v). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *See Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## II.
### BACKGROUND

Ms. Dennerline was 47 years of age at the time she applied for DIB. [Filing No. 17 at 4.] She has completed at least a high school education and previously worked, among other positions, as a receptionist and a claims adjuster. [Filing No. 15-2 at 42-49.]

The ALJ followed the five-step sequential evaluation set forth by the Social Security Administration in 20 C.F.R. § 404.1520(a)(4) and ultimately concluded that Ms. Dennerline is not disabled. [Filing No. 15-2 at 32.] The ALJ found as follows:

- At Step One, the ALJ found that Ms. Dennerline has not engaged in substantial gainful activity[2] from October 1, 2012, the alleged onset date, through December 31, 2015, the date last insured. [Filing No. 15-2 at 24.]

- At Step Two, the ALJ found that Ms. Dennerline has the following severe impairments: obesity; degenerative disc disease of the lumbar spine; degenerative joint disease in the right hip; and migraine headaches. [Filing No. 15-2 at 24.]

- At Step Three, the ALJ found that Ms. Dennerline does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [Filing No. 15-2 at 26.]

- After Step Three but before Step Four, the ALJ found that Ms. Dennerline has the RFC "to perform sedentary work as defined in 20 CFR 404.1567(a) except she could lift/carry 10 pounds occasionally and 10 pounds frequently; sit for 6 hours in an 8-hour workday; stand and walk for 2 hours in an 8-hour workday; occasionally climb ramps and stairs; balance, stoop, kneel, crouch, and crawl; and never climb ladders, ropes, or scaffolds. The individual required a sit/stand option while continuing to work to stand or walk for at least 5 minutes after above [sic] every 30 minutes of sitting, or to sit for at least 5 minutes after about every 30 minutes of standing or walking. The individual could not have tolerated more than occasional exposure to extreme heat/cold, concentrated vibrations, or atmospheric conditions such as humidity, fumes, odors, dusts, gases, and poorly ventilated areas. The individual could not have worked in direct sunlight or in loud or very loud work environments." [Filing No. 15-2 at 27.]

- At Step Four, the ALJ concluded, after considering Ms. Dennerline's age, education, work experience, and RFC and relying on the testimony of the vocational expert ("VE"), that Ms. Dennerline is capable of performing her past relevant work as a receptionist, as generally performed in the economy. [Filing No. 15-2 at 32.] The ALJ concluded on that basis that Ms. Dennerline was not disabled and therefore did not proceed to Step Five. [Filing No. 15-2 at 32.]

---

[2] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a).

4

**III.**
**DISCUSSION**

In support of her request for remand, Ms. Dennerline argues that the vocational expert's testimony does not support the ALJ's conclusion that she could perform her past work relevant work as a receptionist given the ALJ's finding that she "must be allowed to leave the workstation after thirty minutes of sitting." [Filing No. 17 at 1.] Ms. Dennerline asserts that as a part of her RFC assessment, the ALJ determined that she must be allowed to "leave her workstation" after thirty minutes of sitting. [Filing No. 17 at 1.] She contends that the ALJ relied on the vocational expert's testimony to support her decision that Ms. Dennerline was not disabled at step four because she could perform her past relevant work as a receptionist as generally performed. [Filing No. 17 at 7.] Moreover, Ms. Dennerline asserts that the vocational expert's answer to the ALJ's hypothetical regarding whether an individual who needed a sit/stand option could perform Ms. Dennerline's past relevant work as a receptionist was "materially ambiguous and thus not substantial evidence for the ALJ's step-four decision." [Filing No. 17 at 8-9.] Therefore, Ms. Dennerline asserts that the ALJ's error was harmful because "[t]he record does not include evidence that Ms. Dennerline could perform any past relevant work at step four or other work at step five give[n] the ALJ's complete residual functional capacity assessment." [Filing No. 17 at 9.]

In her response, the Commissioner asserts that Ms. Dennerline's argument fails because she has past relevant work as a receptionist and the RFC, which Ms. Dennerline did not challenge, did not include the need to actually walk away from the workstation but only the ability to sit or stand "while continuing to work." [Filing No. 22 at 4.] Additionally, the Commissioner argues that the language the ALJ used in her hypothetical questions, and the VE's answers, were not ambiguous. [Filing No. 22 at 4-6.] The Commissioner asserts that Ms. Dennerline ignores the

5

notation "while continuing to work." [Filing No. 22 at 4.] Also, the Commissioner contends that "a short five-minute walk could be done within even a very small workstation." [Filing No. 22 at 4.] The Commissioner notes that "the VE specifically clarified in the hearing that the standing and walking would be within the workstation, and the ALJ did not correct him to say otherwise." [Filing No. 22 at 4-5.] Furthermore, the Commissioner asserts that despite asking multiple questions, Ms. Dennerline's counsel "did not ask any questions regarding whether [Ms. Dennerline] would need to walk away from the workstation." [Filing No. 22 at 5.]

In her reply brief, Ms. Dennerline contends that the Commissioner's defense rests on an unreasonable and improper post hoc rationalization that a receptionist can continue to work while walking at her workstation, and the Court should reject it. [Filing No. 23 at 1-3.] Additionally, Ms. Dennerline contends that while the Commissioner relied on the VE's testimony, the VE did not testify that Ms. Dennerline could perform work as a receptionist given the ALJ's finding that she needed to be able to walk. [Filing No. 23 at 2.] Ms. Dennerline further asserts that she "explained that walking requires leaving the workstation, and thus the ALJ found that she needed the option to leave the workstation after sitting thirty minutes." [Filing No. 23 at 2.] She contends that "the Commissioner has no authority to revise an ALJ's residual functional capacity assessment in litigation," and that "the Court should reject that post hoc rationalization that a receptionist can work as a receptionist while walking at a workstation." [Filing No. 23 at 3 (emphasis omitted).] Additionally, Ms. Dennerline argues that it is improper to blame her attorney for the confusing nature of the VE's testimony. [Filing No. 23 at 5.] Finally, Ms. Dennerline asserts that the Commissioner did not rebut her alternative argument that the VE's "brief and indefinite testimony" is not substantial evidence. [Filing No. 23 at 7.]

The Commissioner can satisfy her burden at Step Four by relying on a VE's testimony regarding whether the claimant can perform past relevant work only if that testimony is reliable. *Overman v. Astrue*, 546 F.3d 456 (7th Cir. 2008). "When an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record." *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018) (citation and quotation omitted). When the ALJ's hypothetical question adequately reflects the claimant's work-related limitations, the VE's response to the hypothetical question constitutes substantial evidence regarding the claimant's ability to work. *Cass v. Shalala*, 8 F.3d 552, 555-56 (7th Cir. 1993).

The Court finds that the VE's testimony was not ambiguous, and that the ALJ properly relied on that testimony in concluding that Ms. Dennerline could perform her past relevant work as a receptionist. The RFC contains no limitation that requires Ms. Dennerline to be able to walk away from her desk area for five minutes every thirty minutes. Rather, it requires that Ms. Dennerline have "a sit/stand option while continuing to work to stand or walk for at least 5 minutes after [about] every 30 minutes of sitting…." [Filing No. 15-2 at 27.] Ms. Dennerline ignores the "stand" part of the RFC, maintaining instead that she must be able to walk and could not do that at her work station. She also reads into the RFC the need to be able to "walk away" from her workstation.

The hypotheticals the ALJ presented to the VE properly reflected Ms. Dennerline's RFC. Specifically, the first hypothetical stated:

> Let's assume a hypothetical individual the claimant's age and education, and with the past jobs that you described. Further assume that individual is limited to lifting, carrying, pushing, pulling 20 pounds occasionally, 10 pounds frequently. Could sit, stand or walk six out of eight hours, never climb ropes, ladders or scaffolding, occasionally climb ramps or stairs. Occasionally balance, stoop, kneel, crouch and crawl. No more than occasional exposure to extreme heat or cold, and concentrated vibrations. No work in direct

sunlight, no work in loud or very loud work environments. No more than occasional exposure to atmospheric conditions such as humidity, fumes, odors, dust, gases and poorly ventilated areas. Would there be any work for such an individual?

[Filing No. 15-2 at 63-64.] The VE stated, "the past relevant work would still apply." [Filing No. 15-2 at 64.] The ALJ then asked the VE a second hypothetical:

> And what if the individual needed a sit/stand option while continuing, I'm sorry, walk continuing, I'm sorry, the same hypothetical individual as we had in the first place. Need the sit/stand option while continuing to work to stand and walk for at least five, stand or walk for at least five minutes after about every 30 minutes of sitting. Or to sit for at least five minutes after about every 30 minutes of standing or walking.

[Filing No. 15-2 at 64.] The VE responded, "Okay. And still at their workstation. The, the only [one] that may not and that's that would be 10 minutes of standing or standing or walking and the combination. That's the data entry may be precluded based on that, the other two [including receptionist] would still apply." [Filing No. 15-2 at 64.] Ms. Dennerline's counsel did not follow up or ask for clarification regarding the sit/stand part of the RFC. [Filing No. 15-2 at 66-68.] The Court finds the ALJ's hypothetical questions and the VE's testimony to be unambiguous,[3] and to constitute substantial evidence that Ms. Dennerline could work as a receptionist and still be able to either walk or stand, while continuing to work, for 5 minutes after 30 minutes of sitting. *See, e.g., Kelley v. Sullivan*, 890 F.2d 961, 965 (7th Cir. 1989) (where a claimant has established that she needed the option to sit or stand, she is not entitled to disability benefits where VE has testified that there were a significant number of jobs available in the economy which offered that option).

---

[3] Ms. Dennerline relies on *Tommasetti v. Astrue*, 533 F.3d 1035 (9th Cir. 2008), for the proposition that a VE's testimony is not substantial evidence that an ALJ can rely upon when that testimony is ambiguous. [Filing No. 17 at 8-9.] Because the Court finds here that the VE's testimony was not ambiguous, *Tommasetti* is inapplicable.

In sum, Ms. Dennerline's argument fails at the outset because it is based on the faulty premise that the RFC required her to be able to "walk away" from her workstation every 30 minutes for 5 minutes. Because the RFC actually only required that she be able to "stand or walk" every 30 minutes for 5 minutes while continuing to work, and since the VE unambiguously testified that Ms. Dennerline could do that as a receptionist, the ALJ properly relied on the VE's testimony and appropriately concluded that Ms. Dennerline was not entitled to benefits.

## IV.
### CONCLUSION

"The standard for disability claims under the Social Security Act is stringent." *Williams-Overstreet v. Astrue*, 364 Fed. Appx. 271, 274 (7th Cir. 2010). "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid by those who work despite serious physical or mental impairments and for whom working is difficult and painful." *Id.* at 274. Taken together, the Court can find no legal basis presented by Ms. Dennerline to reverse the ALJ's decision that she was not disabled during the relevant time period. Therefore, the decision below is **AFFIRMED**. Final judgment will issue accordingly.

Date: 5/31/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**